UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:15-cr-00159-JAW-01 |
| | ) | |
| SYRIANE BALDWIN | ) | |

**ORDER ON PRETRIAL MOTIONS**

With trial scheduled to commence on May 23, 2016, the United States of America filed two pretrial motions to clarify the admissibility of certain evidence. The first is a motion for a ruling to permit the Government to authenticate business records from Verizon Wireless through a Rule 902(11) certificate. *Mot.* in Limine *for a Ruling Permitting the Gov't to Utilize Fed. R. of Evid. 902(11) for the Authentication of Domestic Records of Regularly Conducted Activity* (ECF No. 82). The second is a motion to permit the Government to introduce testimony from a confidential informant about his prior relationship with Mr. Baldwin, including their prior drug dealings, and more specifically about when he had last purchased cocaine from Mr. Baldwin and how much Mr. Baldwin charged for cocaine. *Mot.* in Limine *Re: Other Crimes Evid.* (ECF No. 85). The Government also wishes to introduce a recording of Mr. Baldwin's post-arrest interview, conducted one year after the alleged sale of September 3, 2014, during which Mr. Baldwin stated that, although he had sold cocaine in the past, he "did not do that every day." *Id.* at 2.

Mr. Baldwin does not object to the first motion. *Def.'s Resp. to Gov't's* Mot. in Limine *Re: [Authentication] of Phone Records* at 1 (ECF No. 87). Regarding the

second motion, after agreeing that the Government has properly cited caselaw from the First Circuit on the admissibility of the confidential informant's testimony about his prior relationship with Mr. Baldwin, including drug deals, and Mr. Baldwin's post-arrest statements, Mr. Baldwin urges the Court to delay ruling on the Government's motion until after the Government has released Jencks Act material. *Def.'s Resp. to Gov't's* Mot. in Limine *Re: Other Crime Evid.* at 1 (ECF No. 86); *see* 18 U.S.C. § 3500.

Turning to the Government's Rule 902(11) motion, the Court notes that Rule 902(11) contemplates that the proponent of the certified records must give the adverse party written notice of the intent to offer the records so that the party has a fair opportunity to object.  FED. R. EVID. 902(11).  The Court considers the Government's motion to be in compliance with this requirement and the Court views the Defendant's response to confirm that he does not intend to object to the admissibility of the records under Rule 902(11).  The Court therefore GRANTS the Government's Motion in Limine for a Ruling Permitting the Government to Utilize Federal Rule of Evidence 902(11) for the Authentication of Domestic Records of Regularly Conducted Activity (ECF No. 82).

Regarding the Government's "other crimes" motion, as Mr. Baldwin has requested, the Court will defer ruling on the motion until he has received the Jencks Act material from the Government.  With that said, the Court observes that the parties agree that the First Circuit cases of *United States v. Doe*, 741 F.3d 217 (1st Cir. 2013) and *United States v. Gentles*, 619 F.3d 75 (1st Cir. 2010) accurately set

forth the requirements for admission of prior bad acts under Federal Rule of Evidence 404(b).  *See United States v. Amador-Huggins*, 799 F.3d 124, 128-30 (1st Cir. 2015); *United States v. Habibi*, 783 F.3d 1, 2-4 (1st Cir. 2015).  Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  FED. R. EVID. 404(b)(1).  However, "such evidence may be admissible for other purposes, such as to prove, motive, opportunity, or intent."  *Amador-Huggins*, 799 F.3d at 129 (citing FED. R. EVID. 404(b)(2)).  Thus, to be admissible, the Rule 404(b) evidence must have "special relevance," that is "relevant for any purpose apart from showing propensity to commit a crime."  *Id.* (quoting *Doe*, 741 F.3d at 229) (*quoting United States v. Rodriguez-Berrios*, 573 F.3d 55, 64 (1st Cir. 2009)).  Even if the proposed evidence has special relevance, it must still survive a Rule 403 balancing analysis.[1]  *Doe*, 741 F.3d at 229.

Here, the Government proposes to introduce the confidential informant's testimony about his prior dealings with Mr. Baldwin, including drug deals, to paint a picture of his relationship with Mr. Baldwin, thereby providing context to the jury, to demonstrate that the confidential informant accurately identified Mr. Baldwin as the person from whom he purchased cocaine base on September 3 and September 5, 2014, to prove that the substance that was sold was in fact crack cocaine, and to show that Mr. Baldwin intended to distribute crack cocaine on these two days.  *See Doe*,

---

[1] Federal Rule of Evidence 403 states "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

741 F.3d at 230. In other words, as described by the Government, the confidential informant's testimony would have special relevance to the issues of "identity, intent, and knowledge." *Id.*

The Court notes that it is typical to give the jury a limiting instruction when Rule 404(b) evidence is admitted to make certain the jury uses the evidence in a restricted manner contemplated by the Rule. If counsel wish to request such a limiting instruction, they should propose language for such a limiting instruction by the time of jury selection.

Although neither the Government nor Mr. Baldwin expands on this point, it seems that Mr. Baldwin's own post-arrest recorded statement to the police would be admissible under Rule 801(d)(2)[2] and not Rule 404(b). Nevertheless, the Court will

---

[2] Federal Rule of Evidence 801(d)(2) states:

> **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
>
>> **(2) An Opposing Party's Statement.** The statement is offered against an opposing party and:
>>
>>> (A) was made by the party in an individual or representative capacity;
>>>
>>> (B) is one the party manifested that it adopted or believed to be true;
>>>
>>> (C) was made by a person whom the party authorized to make a statement on the subject;
>>>
>>> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
>>>
>>> (E) was made by the party's coconspirator during and in furtherance of the conspiracy.
>
> The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

defer ruling on that part of the motion as well because its ruling on the proper scope of the confidential informant's testimony may have a bearing on whether Mr. Baldwin's statement is admissible.

Finally, as the Court is awaiting Mr. Baldwin's final position on the pending motion and there is no set date for the Government to provide Jencks Act material and no set date for Mr. Baldwin to inform the Court as to his final position, the Court ORDERS defense counsel for Mr. Baldwin to immediately inform the Court when he has received the Jencks Act material and also to inform the Court as to whether Mr. Baldwin objects to the confidential informant's proposed testimony and/or the evidence of Mr. Baldwin's recorded statement.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2016